UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALLEN WILSON., )<br>)<br>Plaintiff, )<br>) Civil Action No.  23-02140 (UNA)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE *et al*., )<br>)<br>Defendants. ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint and application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Trenton, New Jersey, has sued the Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), U.S. Attorney General Merrick Garland, President Joe Biden, and Vice President Kamala Harris. Plaintiff invokes the Freedom of Information Act (FOIA) and the Privacy Act, ECF No. 1 at 3, but alleges no facts establishing (1) that he submitted a request under either Act for agency action and (2) that the request was denied. Rather, Plaintiff makes a sweeping demand for "access to any federal investigation records" by DOJ and "more specifically," FBI "civil and criminal investigation[s] performed on [his] neurology," apparently since his birth on April 6, 1953. *Id.* at 4. Plaintiff alleges, to the extent intelligible, that the U.S. government has given the world's population "access" to such information. *Id*.

Plaintiff seeks monetary relief exceeding one trillion dollars "in actual and punishment damages," which is not an available remedy under the FOIA. *See* 5 U.S.C. § 552(a)(4)(B) (authorizing courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). Although the Privacy Act provides for an award of actual damages for an agency's "intentional or willful" disclosure of personal information, 5 U.S.C. § 552a(g)(4), Plaintiff has not pleaded cogent facts establishing his entitlement to such relief. *See, e.g.,* ECF No. 1 at 4 (demanding damages for the government's "illegally releasing Plaintiff's federal personal life history and medical records to every member of the United States general public . . . whom informed every foreign enemies in the world population"). Consequently, this case will be dismissed by separate order.

_____/s/_____<br>
JIA M. COBB<br>
United States District Judge

Date: October 27, 2023